Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
856-761-5090
Attorney for Plaintiff, LaShawn D. Fitch

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LASHAWN D. FITCH, | |
| | Civil Action No. 3:25-cv-00753-MAS-JBD |
| Plaintiff | |
| vs. | |
| | **BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| JEFFREY CROTHERS, Administrator, in his official and individual capacity; DERRICK BODTMANN, Assistant Superintendent in his official and Individual capacity; OFFICER MERTEN, Custody officer, in his official and individual capacity, | |
| Defendants | |

**DEFENDANTS' MOTION TO DISMISS – MOTION DAY FEBRUARY 17, 2026**

On the Brief: Peter Kober, Esq.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................... ii

LEGAL ARGUMENT ...................................................................................................................... 1

    STANDARD OF REVIEW ........................................................................................................ 1

    POINT I: PLAINTIFF'S CIVIL RIGHTS CLAIMS FAIL AS A MATTER OF LAW AGAINST
            STATE OFFICIALS IN THEIR OFFICIAL CAPACITY ............................................................ 1

    POINT II: FITCH PLEADS A PLAUSIBLE CLAIM FOR RETALIATION FOR
            CONSTITUTIONALLY PROTECTED SPEECH IN COUNTS I AND IV ................................ 2

        A.  FITCH PLEADS SUFFICIENT FACTS TO SUPPORT HIS CONTENTION THAT
            HE SUFFERED AN ADVERSE ACTION AT THE HANDS OF DEFENDANT MERTEN ......... 2

        B.  FITCH PLEADS SUFFICIENT FACTS TO SUPPORT HIS CONTENTION THAT
            HE SUFFERED AN ADVERSE ACTION AT THE HANDS OF DEFENDANT BODTMANN .. 3

        C.  FITCH PLEADS SUFFICIENT FACTS TO SUPPORT HIS CONTENTION THAT
            HIS PROTECTED ACTIVITY WAS A SUBSTANTIAL OR MOTIVATING FACTOR
            FOR THE ADVERSE ACTIONS ...................................................................................... 4

    POINT III: FITCH'S EQUAL PROTECTION CLAIM IN COUNT III FAILS TO STATE A
            CAUSE OF ACTION ..................................................................................................... 6

    POINT IV: PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST OR FOURTEENTH
            AMENDMENT IN COUNT V ......................................................................................... 6

CONCLUSION ............................................................................................................................... 7

**TABLE OF CITATIONS**

CASES:

Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000) .............................................................. 2

Alexander v. Ortiz, Civ. No. 15-6981-JBS-AMD (D.N.J. Dec. 2, 2015) ............................................. 2

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...................................................................... 1

Coit v. Marsh, Civ. No. 22-1567, 2024 WL 1356682, at *11 (M.D. Pa. Mar. 29, 2024) ............... 5

Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994) .................................. 1

Palakovic v. Wetzel, 854 F.3d 209 (3d Cir. 2017) .................................................................. 1

Roman v. County of Chester, Civ. No. 23-4032-KSM (E.D. Pa. May 13, 2024) ............................... 4

Watson v. Rozum, 834 F.3d 417 (3d Cir. 2016) ......................................................... 2, 3, 4, 6

**LEGAL ARGUMENT**

STANDARD OF REVIEW

In order for a Court to allow a complaint to survive a Fed. R. Civ. P. 12(b)(6) motion, the Court must make a determination that the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility requirement is "*not* akin to a probability requirement," but it does ask for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, *supra,* 556 U.S. at 678 (emphasis added).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Palakovic v. Wetzel, 854 F.3d 209, 219-20 (3d Cir. 2017). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Ultimately, determining whether factual allegations survive the plausibility test is "a context-specific task that requires the reviewing court to draw on its judicial experience and common-sense." Ashcroft v. Iqbal, *supra,* 556 U.S. at 679.

POINT I: PLAINTIFF'S CIVIL RIGHTS CLAIMS FAIL AS A MATTER OF LAW AGAINST STATE OFFICIALS IN THEIR OFFICIAL CAPACITY

[Plaintiff Concedes This Point]

1

POINT II: FITCH PLEADS A PLAUSIBLE CLAIM FOR RETALIATION FOR CONSTITUTIONALLY PROTECTED SPEECH IN COUNTS I AND IV

To succeed on his retaliation claim, Fitch must demonstrate that he was engaged in constitutionally protected conduct, that prison officials caused him to suffer "adverse action," and that there is a causal connection between the exercise of his constitutional rights and the adverse action. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001).

Here, Bodtmann and Merten contend that Fitch fails to state a claim because he cannot show sufficient facts to sustain required elements (2) and (3).  Each contention will be examined in turn.

A.  FITCH PLEADS SUFFICIENT FACTS TO SUPPORT HIS CONTENTION THAT HE SUFFERED AN ADVERSE ACTION AT THE HANDS OF DEFENDANT MERTEN

Adverse action is action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Allah v. Seiverling,* 229 F.3d 220, 225 (3d Cir. 2000).  To be actionable, an adverse action need only be "more than *de minimis.*" *Watson v. Rozum,* 834 F.3d 417, 423 (3d Cir. 2016) (finding a charge of a Class II misconduct to be an adverse action even though it did not involve a change in housing to a restrictive confinement and inmate could remain housed in his cell with restrictions).

Adverse action similar to that alleged against Merten and Bodtmann has been held to be actionable. *See, Alexander v. Ortiz,* Civ. No. 15-6981-JBS-AMD (D.N.J. Dec. 2, 2015) (finding preventing Plaintiff from working overtime was sufficient) (citing *Allah v. Seiverling, supra,* 229 F.3d at 224-25 for its holding that "Government actions, which standing alone do not violate

2

the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for the exercise of a constitutional right.").

*Watson v. Rozum, supra,* 834 F.3d at 417, took a lenient approach towards what constitutes a "more than *de minimis*" adverse action. The entire penalty imposed upon Watson was the confiscation of his radio. *Watson v. Rozum, supra,* 834 F.3d at 421. Watson was not moved, but was allowed to remain in his prison cell. *Watson v. Rozum, supra,* 834 F.3d at 423. This consequence was held to be "more than *de minimis,*" without more. *Watson v. Rozum, supra,* 834 F.3d at 423.

Here, there are three instances of adverse actions by Defendant Merten. They are: (1) Merten limited Fitch's ability to function at his appointed job as an Inmate Legal Association (ILA) paralegal by denying Fitch access to the law library and to printed and photocopied materials (Amended Complaint Par. 12); (2) Merten stifled Fitch's expression of his political views by calling a Sergeant and lying to the Sergeant about Fitch causing a loud commotion (Amended Complaint Par. 21); and (3) on September 16, 2024, Fitch learned that Merten had fired him from his job as an ILA paralegal (Amended Complaint Par. 24). Under *Watson v. Rozum,* that is all that Fitch had to plead to show that the adverse actions taken against him were "more than *de minimis.*"

B.  FITCH PLEADS SUFFICIENT FACTS TO SUPPORT HIS CONTENTION THAT HE SUFFERED AN ADVERSE ACTION AT THE HANDS OF DEFENDANT BODTMANN

Likewise, here there are two instances of adverse actions by Defendant Bodtmann. They are: (1) Bodtmann limited Fitch's ability to function at his appointed job as an Inmate Legal

3

Association (ILA) paralegal by abrogating Fitch's clearance to (a) represent incarcerated persons in Court Line regarding their prison infractions and (b) assist incarcerated persons in the RHU, MCU, PC and TAH with their legal matters (Amended Complaint Par. 8; *see also* Amended Complaint Par. 7); (2) Bodtmann made the decision not to reinstate Fitch to his ILA paralegal job on December 4, 2024 (Amended Complaint Par. 33). Under *Watson v. Rozum,* that is all that Fitch had to plead to show that the adverse actions taken against him were more than "*de minimis.*"

C. FITCH PLEADS SUFFICIENT FACTS TO SUPPORT HIS CONTENTION THAT HIS PROTECTED ACTIVITY WAS A SUBSTANTIAL OR MOTIVATING FACTOR FOR THE ADVERSE ACTIONS

Bodtmann and Merten also contend that Fitch does not plead sufficient facts to support his contention that his protected activity was a substantial or motivating factor for the adverse actions.

"[Plaintiff] can establish the third element of a *prima facie* case of retaliation with evidence of: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Watson v. Rozum, supra,* 834 F.3d at 424. "Where the temporal proximity is not so close as to be unduly suggestive, the appropriate test is timing plus other evidence." *Id.*

Cases have held that warnings by prison officials may establish a pattern of antagonism which, if coupled by timing, may establish causation. *See, Roman v. County of Chester,* Civ. No. 23-4032-KSM (E.D. Pa. May 13, 2024) (slip op. at 27) (statements by prison officials that their actions would stop only if plaintiff stopped constituted pattern of antagonism which coupled

4

with timing established causation) (citing *Coit v. Marsh,* Civ. No. 22-1567, 2024 WL 1356682, at *11 (M.D. Pa. Mar. 29, 2024) (same).

Here, Fitch's complaint is replete with allegations of timing plus a pattern of antagonism. Eleven examples are set forth below.

1) In March of 2024, Defendant Bodtmann admitted verbally to Fitch that prison officers were not fond of the article by Fitch, which had been published in October 2023, criticizing the conditions in the RHU (Amended Complaint Par. 10).

2) In the same verbal statement, Bodtmann admitted that Fitch might be right – in his contention that he was being discriminated upon (Amended Complaint Par. 10).

3) Another paralegal was granted the clearance which had been taken away from Fitch, in March 2024, showing that the proffered reason was pretext for discrimination (Amended Complaint Par. 10).

4) In March 2024, Defendant Merten told Fitch that he was on his shit list (Amended Complaint Par. 11).

5) In August of 2024, another paralegal was granted the clearance, by Bodtmann, which had been taken away from Fitch (Amended Complaint Par. 13).

6) On September 12, 2024, Merten verbally told Fitch he didn't want to hear any of that Kamala Harris bullshit but if he did he would be writing charges (Amended Complaint Par. 17).

7) In September 2024, Merten denied Fitch access to that evening's paralegal class (Amended Complaint Par. 18).

5

8) On the same day, Merten verbally said to Fitch "play with me and you will end up like Turner" (Amended Complaint Par. 18).

9) Merten verbally refused Fitch entry to his evening paralegal course on September 23, 2024 (Amended Complaint Par. 28).

10) On December 4, 2024, Defendant Bodtmann made the decision not to reinstate Fitch to his paralegal job (Amended Complaint Par. 33).

11) The decision not to reinstate Plaintiff to his paralegal job on December 4, 2024 represented a "change of heart." (Amended Complaint Par. 34).

Under *Watson v. Rozum,* that was all Fitch had to plead to demonstrate causation between his protected activities and the adverse actions taken against him.


POINT III: FITCH'S EQUAL PROTECTION CLAIM IN COUNT III FAILS TO STATE A CAUSE OF ACTION


[Plaintiff Concedes This Point]


POINT IV: PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FIRST OR FOURTEENTH AMENDMENT IN COUNT V


[Plaintiff Concedes This Point]


6

CONCLUSION

The following claims, made against state prison officials, sued in their individual capacities, survive:

Amended Complaint Count I for First Amendment retaliation against Officer Merten for the reasons stated in Points IIA & IIC;

Amended Complaint Count II for violation of First Amendment rights against Officer Merten for the reason that Count II was *not* the subject of any legal argument for it to be dismissed in the within motion;

Amended Complaint Count IV for First Amendment retaliation against Defendant Bodtmann for the reasons stated in Points IIB & IIC.

KOBER LAW FIRM, LLC

BY: _s/ Peter Kober_
     Peter Kober, Esq.

DATED: January 28, 2026

7