UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| LASHAWN D. FITCH,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY CROTHERS, et al.,<br><br>Defendants. | Hon. Michael A. Shipp, U.S.D.J.<br>Hon. J. Brendan Day, U.S.M.J.<br><br>Docket No. 3:25-cv-00753-MAS-JBD<br><br><u>Civil Action</u> |

**BRIEF IN REPLY OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT ON BEHALF OF DEFENDANTS MERTEN & BODTMANN**

JENNIFER DAVENPORT
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendants*
*Merten & Bodtmann*

Angelo Cifelli
Deputy Attorney General
On the Brief

## PRELIMINARY STATEMENT

Plaintiff's Opposition fails to remedy the fundamental legal deficiencies identified in Defendants' Motion to Dismiss.  Instead of pointing to any well-pleaded facts to support his claims, Plaintiff instead relies on the same conclusory labels and "pattern of antagonism" arguments that have been repeatedly rejected by this Circuit.

First, the Opposition fails to establish that Defendant Merten took any "adverse action" sufficient to deter a person of ordinary firmness from exercising their rights. The alleged verbal remarks and disputes over classroom attendance protocols amount to "de minimis" workplace friction at most, not enough to support a constitutional claim.

Second, Plaintiff fails to bridge the significant six-to-seven-month gap between his protected activity and the alleged retaliatory acts. The Opposition provides no facts to support a suggestive temporal proximity.  Nor does Plaintiff allege evidence of a continuous pattern of antagonism that would satisfy the element of causation.

Finally, with respect to Defendant Bodtmann, Plaintiff's own allegations provide a legitimate, non-retaliatory administrative reason for the denial of CCU access - that is, a policy decision to limit the number of paralegals with such access. Because the Opposition fails to plead facts plausibly showing that these administrative actions were a pretext for retaliation, or that Plaintiff's subsequent

1

transfer resulted in significantly more restrictive conditions of confinement, the Amended Complaint should be dismissed.

## LEGAL ARGUMENT

### POINT I

#### PLAINTIFF STILL FAILS TO STATE A PLAUSIBLE CLAIM THAT DEFENDANTS MERTEN AND BODTMANN RETALIATED AGAINST HIM

Plaintiff's Opposition does not cure the pleading defects identified in Defendants' opening brief. To state a claim for First Amendment retaliation, a plaintiff must plead facts indicating that he engaged in constitutionally protected activity, that he suffered retaliatory action "sufficient to deter a person of ordinary firmness from exercising constitutional rights," and a causal link between the protected conduct and the retaliatory act. *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). Plaintiff has not suffered an adverse action from Defendant Merten or Bodtmann and even if Plaintiff had suffered an adverse action, there is no causal link between the adverse action and the protected conduct.

Plaintiff suggests in the conclusion of his Opposition that Defendants did not move to dismiss Count II, which is incorrect. Defendants' Motion seeks dismissal of the Amended Complaint in its entirety and the moving brief addressed the specific conduct underlying Counts I and II. Count II is based on the same factual allegations

2

framed as a freedom of speech/expression claim and fails for the same reasons. Plaintiff does not plead nonconclusory facts plausibly alleging adverse action and causation, or plausibly alleging a constitutional violation tied to protected speech or expression. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

A.  **Plaintiff does not plausibly plead adverse action by Defendant Merten attributable to retaliatory conduct.**

Plaintiff argues that he has pled three instances of adverse actions by Defendant Merten: "(1) Merten limited Fitch's ability to function at his appointed job as an Inmate Legal Association (ILA) paralegal by denying Fitch access to the law library and to printed and photocopied materials (Amended Complaint Par. 12); (2) Merten stifled Fitch's expression of his political views by calling a Sergeant and lying to the Sergeant about Fitch causing a loud commotion (Amended Complaint Par. 21); and (3) on September 16, 2024, Fitch learned that Merten had fired him from his job as an ILA paralegal (Amended Complaint Par. 24)." *See Plaintiff's Opposition* (ECF No. 13) at 3. However, Plaintiff's own allegations undermine that these were adverse actions caused by Defendant Merten in the matter Plaintiff asserts.

3

Plaintiff's framing overstates what is actually pled. The Third Circuit requires an action that is "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). In other words, it must be more than "de minimis." *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006). However, Plaintiff's allegations against Defendant Merten largely consist of remarks and conclusory labels, without factual content tying Defendant Merten to a concrete adverse consequence.

Plaintiff's allegations against Defendant Merten largely concern verbal statements and workplace friction ("shit list," political remarks, "play with me you will end up like Turner") *See Amended Complaint* ¶¶11, 18, 20.  As pled, these are not the sort of concrete actions that are sufficient under *Rauser*, particularly where Plaintiff does not plausibly connect them to Defendant Merten sufficiently deterring Plaintiff from exercising his First Amendment rights.

Plaintiff alleges Defendant Merten denied Plaintiff entry to his evening ILA class on September 23, 2024 because Defendant Merten said he did not have a memo. *See Amended Complaint* ¶29. That allegation describes an access/memo dispute, not a retaliatory action imposed by Defendant Merten. Nothing in the pleading plausibly alleges that denying entry for lack of a memo on a single date would deter an ordinary person from exercising their First Amendment rights.

4

In regard to Plaintiff's firing as an ILA paralegal, Plaintiff alleges that "Officer Grier told Plaintiff he could not enter because Defendant [Merten] fired him." *See Amended Complaint* ¶24. However, Plaintiff also alleges that he had been allowed to work on September 12 and 13 without incident and questioned why he would have been fired on September 11 if he still worked after that date. *Id*. at ¶25. Those allegations as pled do not plausibly establish that Defendant Merten took a retaliatory adverse action due to Plaintiff's protected conduct.

In addition, Plaintiff expressly alleges that, after being told by supervisors he could attend evening ILA sessions, he chose not to attend multiple sessions "out of fear of being retaliated against by Defendant Merten." *Id*. at ¶27. This allegation confirms that Plaintiff's nonattendance was his own decision, not a concrete adverse action imposed by Defendant Merten during that time period.

## B. Plaintiff does not plausibly plead an adverse action attributable to Defendant Bodtmann.

Plaintiff alleges Defendant Bodtmann: "(1) limited Fitch's ability to function at his appointed job as an Inmate Legal Association (ILA) paralegal by abrogating Fitch's clearance to (a) represent incarcerated persons in Court Line regarding their prison infractions and (b) assist incarcerated persons in the RHU, MCU, PC and TAH with their legal matters (Amended Complaint Par. 8; see also Amended

5

Complaint Par. 7); (2) Bodtmann made the decision not to reinstate Fitch to his ILA paralegal job on December 4, 2024 (Amended Complaint Par. 33)." *See Plaintiff's Opposition* (ECF No. 13) at 3, 4. Even assuming those allegations are true, Plaintiff still must plead adverse actions and causation with supporting facts.

In regard to the prison transfer, the Third Circuit will dismiss claims for a failure to plead adverse action, when a Plaintiff does "not allege how the prison transfer was an adverse action, i.e. one that would be sufficient to deter a person of ordinary firmness from exercising his rights." *Collazo v. Rozum*, 646 Fed. Appx. 274, 276 (3d. Cir. 2016) (citing *Allah v. Seiverling*, 229 F.3d 220, 225)). As stated in Defendants' Motion, Plaintiff alleges only that he was "abruptly transferred" to South Woods State Prison ("SWSP") three weeks after his job denial, with no nonconclusory facts describing why that transfer would deter a person of ordinary firmness from exercising his rights or any actual consequences. *See Amended Complaint* ¶35.

As stated, in *Soto v. New Jersey*, Plaintiff has not "provided any facts showing that the transfer from NJSP to SWSP constitutes an adverse action." *Soto v. New Jersey*, 2020 U.S. Dist. LEXIS 87657, *15 (D.N.J. 2020) (citing *Collazo v. Rozum*, 646 F. App'x. 274, 276 (3d Cir. 2016) (affirming dismissal of prisoner's First Amendment retaliation claim where he failed to explain how prison transfer was an adverse action) (citing *Allah*, 229 F.3d at 225)). The same applies to Plaintiff in the

6

present case. Therefore, Plaintiff's allegations of suffering an adverse action from Defendant Bodtmann are insufficient.

As to Plaintiff's clearance and job reinstatement, Plaintiff still fails to plausibly allege these actions were retaliatory for the reasons in subsection C below.

## C. Even if Plaintiff could show an adverse action, he still fails to plausibly plead causation.

"[A] defendant may defeat the claim of retaliation by showing that it would have taken the same action even if the plaintiff had not engaged in the protected activity." *Lauren W. ex rel. Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007). The Third Circuit has held "to establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d. Cir. 2007) (citing *Krouse v. American Sterilizer Co*., 126 F.3d 494, 503-04 (3d Cir. 1997); *Woodson v. Scott Paper Co*., 109 F.3d 913, 920-21 (3d Cir. 1997)). In addition, the Court held, "in the absence of that proof the plaintiff must show that from the "evidence gleaned from the record as a whole" the trier of the fact should infer causation." *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (citing *Farrell v. Planters Lifesavers Co*., 206 F.3d 271, 281 (3d Cir. 2000)).

7

In addition, the Third Circuit has also held, "a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d. Cir. 2007) (citing *Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) (citing favorably *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir.1997), *Andreoli v. Gates*, 482 F.3d 641, 650 (3d Cir. 2007)).

Plaintiff's own allegations supply a non-retaliatory explanation for Defendant Bodtmann. Defendant Bodtmann said he "wanted to limit the number of paralegals with CCU access." *See Amended Complaint* ¶10. That is consistent with an administrative policy choice, rather than retaliation. As to the prison transfer, Plaintiff alleges timing and labels, without facts showing retaliatory motivation or a pattern of antagonism attributable to Defendant Bodtmann.

Plaintiff does not show retaliatory causation with respect to Defendant Merten. Plaintiff alleges he provided a statement on behalf of Juan Turner in March 2024, and later alleges conduct by Defendant Merten in September 2024 (including the September 12 remarks and ILA class disputes) and an alleged September employment termination. *See Amended Complaint* ¶¶11,17-18, 24-29. A gap of roughly six to seven months is not unusually suggestive. *See DeFlaminis*, 480 F.3d at 267. Plaintiff's Opposition attempts to portray a "pattern of antagonism," but the

cited items are largely statements, speculation, and conclusory assertions rather than facts plausibly showing retaliatory action or causation.

## POINT II

## PLAINTIFF CONCEDES POINTS I, III and IV

In his Opposition, Plaintiff concedes Defendants' arguments as to Point I: Plaintiff's civil rights claims fail as a matter of law against Defendants in their official capacity, Point III: Plaintiff's Equal Protection claim in Count III fails to state a cause of action, and Point IV: Plaintiff fails to state a claim under the First or Fourteenth Amendment in Count V. Because these arguments are conceded, the court should grant Defendants' Motion to Dismiss as to Points I, III and IV.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Moving Defendants should be dismissed with prejudice.

JENNIFER DAVENPORT
ACTING ATTORNEY GENERAL OF NEW JERSEY

By:    s/ Angelo Cifelli
       Angelo Cifelli
       Deputy Attorney General

Dated: February 10, 2026

9