<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LASHAWN D. FITCH, | |
| Plaintiff, | Civil Action No. 25-753 (MAS) (JBD) |
| v. | **MEMORANDUM ORDER** |
| JEFFREY CROTHERS, *et al.*, | |
| Defendants. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on the motion to dismiss Plaintiff Lashawn D. Fitch's ("Plaintiff") Amended Complaint (ECF No. 11) filed by Defendants Correction Officer Merten ("Merten"), New Jersey State Prison ("NJSP") Assistant Administrator Derrick Bodtmann ("Bodtmann"), and NJSP Administrator Jeffrey Crothers ("Crothers"). Plaintiff filed opposition to the motion (ECF No. 13), to which Defendants replied (ECF No. 14). For the following reasons, Defendants' Motion will be granted in part and denied in part.

In his Amended Complaint, Plaintiff alleges that he was employed as an inmate paralegal at NJSP as of May 2023. (ECF No. 5 at 3.) After Plaintiff spoke with reporters about prison issues in October 2023, Plaintiff was restricted from accessing other inmates in the prison's close custody unit in January 2024. (*Id.* at 3-4.) Plaintiff was told by Bodtmann that this decision was made because the prison wished to limit how many paralegals had access to the unit. (*Id.* at 4.) In the Spring of 2024, Merten allegedly filed false charges against another inmate. (*Id.*) Plaintiff wrote a statement in support of that inmate. (*Id.*) This report and political differences between Plaintiff

and Merten resulted in friction and harsh words from Merten over the course of several months. (*Id.* at 4-5.) Merten also took efforts to limit Plaintiff's access to certain legal materials. (*Id.*) This ultimately culminated in Merten having Plaintiff fired from his paralegal job in September 2024 based on false charges of arguing with another paralegal. (*Id.* at 7-9.) Plaintiff filed a grievance about the situation. (*Id.* at 10.) Bodtmann responded, stating that he believed the charges were false and that he intended to reinstate Plaintiff to a prison paralegal position. (*Id.*) Bodtmann, however, did not reinstate Plaintiff. (*Id.* at 11.)

On December 4, 2024, Plaintiff served a complaint against another prison officer. (*Id.*) A week later, he went before a prison classification committee, which included Bodtmann. (*Id.*) During that hearing, he asked Bodtmann why he had not been reinstated, and Bodtmann told Plaintiff he had changed his mind. (*Id.*) Plaintiff was thereafter transferred to South Woods State Prison on December 31, 2024. (*Id.*) Based on these facts, Plaintiff raised in his Amended Complaint First Amendment retaliation claims against Merten and Bodtmann, an equal protection claim against Merten, and a claim against Bodtmann and Crothers alleging they improperly refused to respond to his grievances. (*Id.*) Defendants now move to dismiss all of those claims. (ECF No. 11.)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

Defendants first argue that they are entitled to immunity from suit in their official capacities, and that Plaintiff fails to state a claim upon which relief may be granted as to his equal protection and grievance related claims. In his response, Plaintiff concedes regarding all three of Defendants' arguments. (ECF No. 13 at 4, 9.) Because Plaintiff concedes that Defendants are immune in their official capacities and that he has failed to state a claim for relief as to his grievance and equal protection claims, those claims shall all be dismissed at this time.

Bodtmann and Merten also move to dismiss Plaintiff's First Amendment retaliation claims. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006). In his Amended Complaint, Plaintiff pleads facts which, viewed in the light most favorable to Plaintiff, would permit a factfinder to infer that: (1) he engaged in protected conduct including political speech and complaints against Merten; (2) Merten retaliated against

3

him in relation to that speech insofar as he had Plaintiff allegedly fired from his prison job under false pretenses; (3) this firing under the circumstances would be sufficiently serious to deter further speech by a rational person; and (4) the firing was linked to Plaintiff's speech. Plaintiff therefore states a plausible claim for relief against Merten, and Defendants' motion shall be denied to the extent it seeks the dismissal of Plaintiff's Amended Complaint against Merten.

Plaintiff has pled far less with respect to Bodtmann. Plaintiff pleads that Bodtmann was aware of some civil complaints Plaintiff filed and that Bodtmann did not reinstate him to his job and may have played some part in his ultimate transfer out of NJSP. Plaintiff, however, has failed to plead any facts which would permit the plausible inference that these decisions, made weeks or even months apart, were made in connection with any protected conduct in which Plaintiff engaged. Nothing Plaintiff has alleged permits a reasonable inference of retaliatory motive or conduct on Bodtmann's part. Moreover, the facts alleged do not establish a plausible causal connection between Plaintiff's protected conduct and: (1) the lack of reinstatement; (2) the limitation on close custody access; or (3) transfer by Bodtmann. Plaintiff has likewise not pled sufficient facts to show that Bodtmann's failure to reinstate Plaintiff, Bodtmann's limiting Plaintiff from close custody access, or the transfer[1] of Plaintiff several weeks after any allegedly protected conduct, were sufficiently serious in character that they would deter a person of ordinary firmness from engaging in further protected conduct. Plaintiff has thus failed to plead a plausible claim against Bodtmann, and Defendants' motion shall be granted to the extent they seek the dismissal of Plaintiff's retaliation claim against Bodtmann.

---

[1] Specifically, the Court notes that Plaintiff has failed to allege any facts indicating that his transfer was punitive in nature rather than a mere exercise in prison placement discretion. *See, e.g.*, *Collazo v. Rozum*, 646 F. App'x 274, 276 (3d Cir. 2016) (finding mere prison transfer without allegations indicating how the transfer was punitive in nature insufficient to establish sufficiently severe retaliatory conduct, even where the transfer was clearly a direct response to protected conduct).

4

**IT IS THEREFORE** on this ⟶ 7th ⟵ day of July, 2026, **ORDERED** that:

1. Defendants' Motion (ECF No. 11) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff's claims against all three Defendants in their official capacity are **DISMISSED WITH PREJUDICE**;

3. Plaintiff's claims against Bodtmann and Crothers are **DISMISSED WITHOUT PREJUDICE**;

4. Plaintiff's equal protection claims against Merten are **DISMISSED WITHOUT PREJUDICE**;

5. Defendants' motion to dismiss is **DENIED** to the extent it seeks the dismissal of Plaintiff's individual capacity First Amendment claims against Merten; and

6. The Clerk of the Court shall serve a copy of this Memorandum Order upon the parties electronically.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

5